COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


ELIZABETH ANN SEDGWICK, S/K/A
   ELIZABETH HENNESSY

MEMORANDUM OPINION* BY
v.        Record No. 2264-07-1          JUDGE JERE M.H. WILLIS, JR.
                                         NOVEMBER 4, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Robert H. Knight III, Assistant Public Defender, for appellant.

Jennifer C. Williamson, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Elizabeth Ann Sedgwick appeals an order requiring her not to take any action to seek

custody or visitation of her daughter through any court, in any jurisdiction or country.  She argues

this provision violates her due process rights and effectively terminates her parental rights to her

daughter.  Because the trial court lacked subject matter jurisdiction to impose this provision, we

reverse its judgment and vacate the order.

On August 30, 2002, Sedgwick was convicted of abduction, conspiracy to commit

abduction, and perjury.  The abduction victim was her then five-year-old daughter.  Sedgwick was

sentenced to a total of forty years in prison, with the majority of the sentence suspended for thirty

years.  A condition of suspension in the 2002 order provided:

> The defendant shall not see the Victim until such time as deemed
> appropriate by the Victim's therapist and by Order of the Texas
> Juvenile Relations District Court and upon approval of this Court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The defendant shall also have no direct or indirect contact with Mr. Sedgwick or his Family, unless by Court Order.

Sedgwick was released from prison in 2005. Following her convictions, a Texas court awarded the child's father sole custody of the child, granting Sedgwick no visitation. On May 9, 2007, Sedgwick filed a petition in the Hampton Juvenile and Domestic Relations District Court seeking to enforce a prior Texas court order granting her custody or visitation rights. She filed the petition under her new married name, Hennessy. She did not state that she had been known as Sedgwick, and did not state that the Texas order granting her custody or visitation had been modified. The Hampton court held that it did not have jurisdiction over Sedgwick's petition and dismissed it without prejudice. Learning of Sedgwick's May 9, 2007 petition, the Commonwealth obtained a show cause order charging her with violating the conditions of her 2002 suspended sentence.

At the show cause hearing, the trial court told Sedgwick that the no contact provision in the 2002 conviction order means, "You may seek modification of this order through this court. There will be no contact or any attempt to contact within [sic] school authorities, healthcare authorities or anyone else concerning this child without the permission from the Norfolk Circuit Court." By order entered August 30, 2007, the trial court dismissed the show cause order, but required that "the defendant shall not take any action to seek custody or visitation through any court, in any jurisdiction or country. The defendant shall not have any contact with the child's school(s), doctors, etc. *Any future hearings shall be set before the Honorable Charles E. Poston.*" (emphasis in original.) Sedgwick appeals this provision of the August 30, 2007 order.

Code § 19.2-306(C) provides:

If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the

court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

When a trial court revokes a suspended sentence pursuant to Code § 19.2-306(C) and resuspends all or a portion of the sentence, it may impose different conditions on the resuspension of the sentence. Reinke v. Commonwealth, 51 Va. App. 357, 364, 657 S.E.2d 805, 809 (2008).

In this case, the trial court did not revoke the suspension of Sedgwick's suspended sentence. It dismissed the show cause order. However, although the trial court dismissed the show cause order, it imposed the appealed conditions, which are different from those imposed in the August 30, 2002 order. Code § 19.2-306(C) does not authorize the trial court to impose new conditions when it dismisses a show cause order.

Rule 1.1 provides in part, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Because more than twenty-one days had elapsed since Sedgwick's 2002 sentencing order had become final, the trial court lacked subject matter jurisdiction to enter the August 30, 2007 order modifying the conditions of sentence suspension, and that order is void. We reverse the judgment of the trial court and vacate the August 30, 2007 order.

Reversed.